## In the Matter of Matthew H. HOBBS.

### No. 41S00–9810–DI–547.

Supreme Court of Indiana.

Oct. 6, 2000.

## ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

The hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action* in this matter has submitted his report to this Court. Upon review of that report, we find that the findings contained therein should be adopted and that the respondent engaged in attorney misconduct. Specifically, we now find as follows:

**Facts:** Under nine counts of the *Verified Complaint* underlying this matter, the re-spondent accepted retainers from clients to handle various legal matters on their behalves, then failed to render legal services as agreed, failed to communicate with his clients as to the status of their cases, and failed to refund unearned portions of the retainers upon termination of the representations. Additionally, in several instances the respondent failed to answer the Disciplinary Commission's demands, made pursuant to Ind.Admission and Discipline Rule 23(10)(a), for responses to grievances filed against him, and on two occasions offered clients money if they would "dismiss" grievances.

**Violations:** By failing to take legal action on behalf of his clients after undertaking to represent them, the respondent violated Ind. Professional Conduct Rule 1.3. By failing to keep his clients adequately informed about the status of their cases, the respondent violated Prof.Cond.R. 1.4(a). By failing to refund to the clients unearned portions of retainers they had paid to him after termination of the representation, the respondent violated Prof.Cond.R. 1.16(d). By failing to respond to the Commission's demand for responses to grievances filed against him, the respondent violated Prof. Cond.R. 8.1(b). Offering money to clients if they would "dismiss" the grievances they had filed against him was conduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer than three (3) years, effective February 16, 1999. At the conclusion of that period, the respondent may petition this Court for reinstatement to the bar of this state, provided he can satisfy the requirements of Admis.Disc.R. 23(4). Costs of this proceeding are assessed against the respondent.

All Justices concur.